UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Peter B. Ritz**, | Case No.: 25-cv-08761 |
| Plaintiff, | |
| v. | |
| **Genius Group Limited**, **Roger Hamilton** and **Eva Mantziou**, | |
| Defendants. | |
| **Genius Group Limited**, | |
| Counterclaim-Plaintiff, | |
| v. | |
| **Peter B. Ritz**, | |
| Counterclaim-Defendant, | |
| and | |
| **Michael Thomas Moe**, | |
| Third-Party Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT EVA MANTZIOU'S MOTION TO STRIKE**

## TABLE OF CONTENTS

RELEVANT PROCEDURAL HISTORY ................................................................................... 1

    The Asset Purchase Agreement ................................................................................. 1

    The Employment Agreement ..................................................................................... 1

    Plaintiff Commences This Action .............................................................................. 1

RELEVANT LEGAL STANDARD .......................................................................................... 2

ARGUMENT .................................................................................................................................. 4

    I.    THE ALLEGATIONS SET FORTH IN PARAGRAPH 46 ARE OF NO MOMENT TO PLAINTIFF'S CLAIMS AND SERVE NO PURPOSE OTHER THAN PREJUDICING MANTZIOU ............................................................. 4

CONCLUSION ............................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Accettola v. Mei He*,
  2025 WL 843412, 2025 U.S. Dist. LEXIS 49415 (S.D.N.Y. 2025)...................................4

*Brown v. Maxwell*,
  929 F.3d 41 (2d Cir. 2019)..............................................................................................5

*Cabble v. Rollieson*,
  2006 WL 464078, 2006 U.S. Dist. LEXIS 7385 (S.D.N.Y. Feb. 27, 2006).....................3

*Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc.*,
  333 F. Supp. 3d 307 (S.D.N.Y. 2018)..............................................................................4

*G-I Holdings, Inc. v. Baron & Budd*,
  238 F. Supp. 2d 521 (S.D.N.Y. 2022)..............................................................................4

*Guerrero v. FJC Sec. Servs. Inc.*,
  423 F. App'x 14 (2d Cir. 2011) .......................................................................................4

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
  402 F. Supp. 2d 434 (S.D.N.Y. 2005)..............................................................................3

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
  306 F. Supp. 3d 629 (S.D.N.Y. 2018)..............................................................................3

*Long v. Marubeni Am. Corp.*,
  406 F. Supp. 2d 285 (S.D.N.Y. 2005)..............................................................................3

*Roe v. City of New York*,
  151 F. Supp. 2d 495 (S.D.N.Y. 2001)..............................................................................3

*Salahuddin v. Cuomo*,
  861 F.2d 40 (2d Cir. 1988)...............................................................................................3

*Singh v. Deloitte LLP*,
  650 F. Supp. 3d 259 (S.D.N.Y. 2023)..............................................................................4

**Rules**

Fed. R. Civ. P. 12(f) ................................................................................................. 1, 2-3, 5

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant Eva Mantziou ("**Mantziou**"), by and through her undersigned attorneys, respectfully moves this Court for an Order:

1. Striking paragraph 46 of the operative pleading brought by Plaintiff Peter B. Ritz ("**Plaintiff**"), dated October 23, 2025 [ECF 4] ("**Complaint**" or "**Compl.**"); and

2. Granting such other, further relief as the Court may deem just and proper.

## RELEVANT PROCEDURAL HISTORY

### The Asset Purchase Agreement

On January 24, 2024, Genius Group Limited ("**Genius**") and LZG International, Inc. ("**LZG**") entered into an Asset Purchase Agreement. Compl., ¶¶ 1, 2, 4, 16, 19. Genius and LZG are each lawfully formed and existing companies—Genius is a corporation formed under the laws of Singapore with its principal place of business located in Singapore, while LZG is a corporation formed under the laws of Florida with its principal place of business located in New York. *Id.* at ¶¶ 2-3, 16.

### The Employment Agreement

On May 31, 2024, Genius, as the employer, and Ritz, as the employee, entered into an employment agreement, pursuant to which Ritz would be employed as the Chief Revenue Officer ("**CRO**") of Genius. *See* Compl. ¶¶ 1, 20.

On September 24, 2024, Genius terminated Plaintiff. Compl. ¶ 47.

### Plaintiff Commences This Action

Plaintiff commenced the above-captioned action on October 22, 2025, through the filing of his initial complaint. *See* ECF 1. Plaintiff's initial complaint was deemed deficient, and on October 23, 2025, Plaintiff filed the Complaint. *See* ECF 4.

In the Complaint, Plaintiff alleges: (1) Defendants Mantziou, Genius and Roger Hamilton (collectively, "**Defendants**") violated New York's Whistleblower Statute (N.Y. Lab. Law § 740) (*see* Compl., ¶¶ 55-70); (2) Defendants acted in breach of the fiduciary duties owed to Plaintiff under Section 404 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1104(a)(1) (*id.* at ¶¶ 71-81); (3) Defendants failed to pay benefits owed to Plaintiff under Section 502 of ERISA, 29 U.S.C. § 1132 (*id.* at ¶¶ 82-90); and (4) Defendants acted in breach of the Employment Agreement by and among themselves and Plaintiff (*id.* at ¶¶ 91-95).

In support of the aforementioned claims, Plaintiff makes the following allegations in paragraph 46:

> Similar tactics have been used by Mantziou before, who was criminally prosecuted in Poland for making vicious, ungrounded and defamatory accusations against her ex-husband as part of their separation.  As a result for these unfounded claims, Mantizou was ordered by a court to post an apology to her ex-husband on social media for 60 days, stating, among other things, "I apologize for accusing [him] of using violence against me and my child, persecuting him, surveilling him, committing fraud and misappropriating property, and filing false accusations with law enforcement."

*Id.* at 11.

On February 2, 2026, Defendants Mantziou and Hamilton accepted service of the Complaint by way of stipulation.  *See* ECF 34.

## RELEVANT LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provide, in relevant part:

> (f)     Motion to Strike.  The court may strike from a pleading an insufficient defense or **any redundant, immaterial, impertinent, or scandalous matter**.  The court may act:
>
> (1)     on its own; or
>
> (2)     on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

F.R.C.P. 12(f) (emphasis added). For purposes of Rule 12(f), this Court has clarified that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005); *see also Cabble v. Rollieson*, 2006 U.S. Dist. LEXIS 7385, at *32 (S.D.N.Y. Feb. 27, 2006) ("A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court.").

Although motions to strike are disfavored, they are granted when "the matter asserted clearly has no bearing on the issue in dispute," *Long v. Marubeni Am. Corp.*, 406 F. Supp. 2d 285, 303 (S.D.N.Y. 2005); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial") (citing Fed. R. Civ. P. 12(f)). Accordingly, a motion to strike should be granted where doing so will, *inter alia*, "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters," *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 645 (S.D.N.Y. 2018).

To prevail on a motion to strike, the movant must demonstrate that "(1) no evidence in support of the allegations would be admissible (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001). With respect to the third prong, allegations are considered prejudicial when they "harm [a defendant] in the public eye and

3

could influence prospective jury members" when publicized, *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 556 (S.D.N.Y. 2022).

## ARGUMENT

### I. THE ALLEGATIONS SET FORTH IN PARAGRAPH 46 ARE OF NO MOMENT TO PLAINTIFF'S CLAIMS AND SERVE NO PURPOSE OTHER THAN PREJUDICING MANTZIOU

As set forth above, paragraph 46 of the Complaint makes an allegation concerning Mantziou's personal life, which occurred long before Plaintiff had **any** interactions with Genius, specifically as it concerns Plaintiff's employment within the Company. *See* Compl., ¶ 92.

Put simply, Mantziou's divorce, including but not limited to any implications thereof, is of **no moment** to any of Plaintiff's claims. It does not speak to any of their elements nor does it make them more likely than not.[1] Allegations arising from Mantziou's separation from her prior spouse, including any court order requiring her to publish a public apology, do not, *inter alia*, demonstrate that Defendants violated a law, rule or regulation, that the plans offered by Genius are covered by ERISA or that the Employment Agreement was breached in any way.

---

[1] *See* Compl., ¶¶ 55-95; *but see Accettola v. Mei He*, 2025 U.S. Dist. LEXIS 49415, at *18 (S.D.N.Y. 2025) (noting that under the amended form of Labor Law § 740, "a plaintiff need only prove either (1) that they reasonably believed the defendant's conduct to violate a law, rule or regulation or (2) that they reasonably believed the defendant's conduct posed a substantial and specific danger to the public health or safety"); *Singh v. Deloitte LLP*, 650 F. Supp. 3d 259, 265-66 (S.D.N.Y. 2023), *aff'd*, 123 F.4th 88 (2d Cir. 2024) ("To state a claim for breach of fiduciary duty under ERISA, the plaintiffs must allege that '(1) the defendant was a fiduciary who (2) was acting in a fiduciary capacity, and (3) breached his fiduciary duty.'"); *Guerrero v. FJC Sec. Servs. Inc.*, 423 F. App'x 14, 16 (2d Cir. 2011) ("To prevail under § 502(a)(1)(B), a plaintiff must show that: (1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan."); *Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc.*, 333 F. Supp. 3d 307, 311-12 (S.D.N.Y. 2018) (reciting the elements for breach of contract under New York law: (1) the existence of an agreement between the parties, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages).

In light of the foregoing, it is clear that Plaintiff's sole purpose in including such an irrelevant, impertinent and scandalous allegation was *to publicly shame or embarrass Mantziou.* The purposeless allegation, therefore, should be stricken from Complaint. *Accord* F.R.C.P. 12(f) (a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter"); *Brown v. Maxwell*, 929 F.3d 41, 51 n.42 (2d Cir. 2019) (allegations may be "stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice") (citation omitted).

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court issue an Order:

1. Striking paragraph 46 of the Complaint; and

2. Granting such other, further relief as the Court may deem just and proper.

DATED: February 4, 2026

                                             */s/ Eric J. Benzenberg*
                                       Eric J. Benzenberg, Esq.
                                       Matthew Hettrich, Esq.
                                       THE BASILE LAW FIRM P.C.
                                       390 N. Broadway, Suite 190
                                       Jericho, NY 11753
                                       Tel.:    (516) 455-1500
                                       Email:  eric@thebasilelawfirm.com
                                                                matthew@thebasilelawfirm.com

                                       *Counsel for Genius Group Ltd.,*
                                       *Roger Hamilton and*
                                       *Eva Mantziou*

**CERTIFICATE OF COMPLIANCE**

As required by Local Civil Rule 7.1(c) of the United States District Court for the Southern District of New York, the undersigned hereby certifies that the Memorandum of Law filed by Defendant Eva Mantziou in support of her Motion to Strike [ECF 37] contains 1,430 words, excluding the contents that are exempt by the rule.

Executed on February 4, 2026

                                                   /s/ Eric J. Benzenberg
                                                  Eric J. Benzenberg, Esq.

                                                  *Counsel for Genius Group Ltd.,*
                                                  *Roger Hamilton and*
                                                  *Eva Mantziou*