UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Peter B. Ritz**, | Case No.: 25-cv-08761 |
| Plaintiff, | |
| v. | |
| **Genius Group Limited**, **Roger Hamilton** and **Eva Mantziou**, | |
| Defendants. | |
| **Genius Group Limited**, | |
| Counterclaim-Plaintiff, | |
| v. | |
| **Peter B. Ritz**, | |
| Counterclaim-Defendant, | |
| and | |
| **Michael Thomas Moe**, | |
| Third-Party Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS HAMILTON AND MANTZIOU'S JOINT MOTION TO DISMISS
PLAINTIFF PETER B. RITZ'S FOURTH CLAIM FOR RELIEF**

# TABLE OF CONTENTS

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allaire Corp. v. Okumus*,
    433 F.3d 248 (2d Cir. 2006) ................................................................................................4

*Bellino Schwartz Padob Adver., Inc. v. Solaris Mktg. Group, Inc.*,
    635 N.Y.S.2d 587 (1st Dep't 1995) ......................................................................................5

*Black Car & Livery Ins., Inc. v. H &W Brokerage, Inc.*,
    813 N.Y.S.2d 751 (2d Dep't 2006) ......................................................................................5

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002) ................................................................................................2

*Conley v. Gibson*,
    355 U.S. 41 (1957) ..............................................................................................................6

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991) ..................................................................................................4

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) ................................................................................................4

*HDR, Inc. v. Int'l Aircraft Parts*,
    257 A.D.2d 603 (2d Dep't 1999) ..................................................................................... 6-7

*Henneberry v. Sumitomo Corp. of Am.*,
    2005 WL 991772, 2005 U.S. Dist. LEXIS 7475 (S.D.N.Y. Apr. 27, 2005) .......................2

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984) ..............................................................................................................6

*I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.*,
    936 F.2d 759 (2d Cir. 1991) ................................................................................................2

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
    62 F.3d 69 (2d Cir. 1995) ....................................................................................................4

*Klaxon Co. v. Stentor Electric Manufacturing Co.*,
    313 U.S. 487 (1941)) ..........................................................................................................5

*Kleinman v. Elan Corp.*,
    706 F.3d 145 (2d Cir. 2013)..................................................................................................2

*MBIA Ins. Corp. v. Royal Bank of Can.*,
    706 F. Supp. 2d 380 (S.D.N.Y. 2009).....................................................................................5

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989)...................................................................................................5

*Smith v. Railworks Corp.*,
    2011 WL 2016293, 2011 U.S. Dist. LEXIS 55031 (S.D.N.Y. May 16, 2011) ....................5

*Stanley Agency v. Behind the Bench*,
    885 N.Y.S.2d 713, 23 Misc. 3d 1107(A),
    2009 N.Y. Misc. LEXIS 833 (Kings Sup. Ct. April 13, 2009)............................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)...............................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................4

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Roger Hamilton ("**Hamilton**") and Eva Mantziou ("**Mantziou**," and together with Hamilton, "**Defendants**"), by and through their undersigned attorneys, respectfully move this Court for an Order:

1. Dismissing the Fourth Claim for Relief (Breach of Contract) brought by Plaintiff Peter B. Ritz ("**Plaintiff**" or "**Ritz**") in his operative pleading, dated October 23, 2025 [ECF 4] ("**Complaint**" or "**Compl.**"); and

2. Granting such other, further relief as the Court may deem just and proper.

## RELEVANT PROCEDURAL HISTORY

**The Asset Purchase Agreement**

On January 24, 2024, Genius Group Limited ("**Genius**") and LZG International, Inc. ("**LZG**") entered into an Asset Purchase Agreement. *See* Compl., ¶¶ 1, 2, 4, 16, 19. Genius and LZG are each lawfully formed and existing companies—Genius is a corporation formed under the laws of Singapore with its principal place of business located in Singapore, while LZG is a corporation formed under the laws of Florida with its principal place of business located in New York. *Id.* at ¶¶ 2-3, 16.

**The Employment Agreement**

On May 31, 2024, Genius, as the employer, and Ritz, as the employee, entered into an employment agreement, pursuant to which Ritz would be employed as the Chief Revenue Officer of Genius. *See* Compl. ¶¶ 1, 20; *accord* Declaration of Roger Hamilton, dated February 10, 2026 ("**Hamilton Declaration**"), at **Exhibit A** (the "**Employment Agreement**").[1] As the four corners of the Employment Agreement reveals, neither Defendants executed the agreement in their individual capacities. *Id.* Indeed, Ritz expressly executed it on behalf of Genius and in his capacity as its "CEO." *Id.*; *accord* Compl. ¶ 20. Mantziou, meanwhile, did not sign the Employment Agreement at all. *See* Employment Agreement.

On September 24, 2024, Genius terminated Plaintiff. Compl. ¶ 47; *accord* Hamilton Decl. at **Exhibit B** (the "**Termination Notice**").[2] Like the Employment Agreement, the Termination Notice was transmitted by Genius and was executed by Hamilton and Mantziou within their capacities as the "Chief Executive Officer" and "Chief HR Officer & Chief of Staff" of Genius, respectively. *Id.*

**Plaintiff Commences This Action**

Plaintiff commenced the above-captioned action on October 22, 2025, through the filing of his initial complaint. *See* ECF 1. Plaintiff's initial complaint was deemed deficient, and on October 23, 2025, Plaintiff filed the Complaint. *See* ECF 4.

---

[1] *See Henneberry v. Sumitomo Corp. of Am.*, 2005 U.S. Dist. LEXIS 7475, at *12 (S.D.N.Y. Apr. 27, 2005) (in deciding a motion to dismiss, a court may consider, *inter alia*, statements or documents incorporated by reference in the pleadings); *I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991) ("when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading") (citations omitted); *see also Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).
[2] *See* footnote 1, *supra*.

2

In the Complaint, Plaintiff alleges: (1) Defendants violated New York's Whistleblower Statute (N.Y. Lab. Law § 740) (Compl., ¶¶ 55-70); (2) Defendants acted in breach of the fiduciary duties owed to Plaintiff under Section 404 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1104(a)(1) (*id.* at ¶¶ 71-81); (3) Defendants failed to pay benefits owed to Plaintiff under Section 502 of ERISA, 29 U.S.C. § 1132 (*id.* at ¶¶ 82-90); and (4) Defendants acted in breach of the Employment Agreement by and among themselves and Plaintiff (*id.* at ¶¶ 91-95).

While Plaintiff made numerous allegations concerning the Employment Agreement and his subsequent termination therefrom, Plaintiff, inexplicably, elected to not attach a copy of the same to his pleading. As noted above, the Employment Agreement plainly memorializes an agreement between Genius, as the employer, and Plaintiff, as the employee. *See* Employment Agreement. However, neither Hamilton nor Mantziou are parties to the Employment Agreement. Indeed, Hamilton expressly executed it in his capacity as an agent of Genius, while Mantziou's signature is not affixed thereto. *Id.* Likewise, the Termination Notice is plainly transmitted by Genius and expressly executed by Hamilton and Mantziou in their respective capacities within Genius. *See* Termination Notice.

On February 2, 2026, Defendants Mantziou and Hamilton accepted service of the Complaint by way of stipulation. *See* ECF 34.

3

**RELEVANT LEGAL STANDARD**

Rule 12(b) of the Federal Rules of Civil Procedure provides, in relevant part:

(b)     How to Present Defenses.  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

[...]

(6) failure to state a claim upon which relief can be granted; and…

F.R.C.P. 12(b)(6).

In resolving a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For these purposes, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

Although a court ruling on a Rule 12(b)(6) motion must "accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor," *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006), the court's obligation "is merely to assess the legal feasibility of the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal quotation marks omitted).

4

**ARGUMENT**

I. **NEITHER HAMILTON NOR MANTZIOU ARE PARTIES TO THE EMPLOYMENT AGREEMENT AND, THEREFORE, SHOULD BE DISMISSED FROM PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT**

For his Fourth Claim for Relief, Plaintiff alleges that "Defendants breached the Employment Agreement by unlawfully terminating Plaintiff's employment without notice or consultation" and "further materially breached the Employment Agreement by" withholding or failing to deliver compensation Plaintiff was allegedly entitled to. *See* Compl., ¶¶ 93-94.

As an initial matter, the Employment Agreement does not contain, *inter alia*, a choice-of-law clause[3] and, thus, the Court must "apply the choice of law rules of the forum state." *Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989) (citing *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941)). Courts, however, "often decline to make a choice of law determination at the motion to dismiss stage." *Smith v. Railworks Corp.*, 2011 U.S. Dist. LEXIS 55031, at *22 n.12 (S.D.N.Y. May 16, 2011) (citation omitted). Notwithstanding the fact that Defendants reserve the right to dispute that New York law governs Plaintiff's breach of contract claim, Plaintiff's breach of contract claim—which is brought under New York law—is, nonetheless, meritless. This is because, under New York law, "a party who is not a signatory to a contract cannot be held liable for breaches of that contract." *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 396 (S.D.N.Y. 2009).[4] Pursuant to this well-settled rule, a non-signatory may only be held liable for breach of contract where the non-signatory: (1) is the alter

---

[3] *See generally* Employment Agreement.

[4] *Citing, inter alia, Black Car & Livery Ins., Inc. v. H &W Brokerage, Inc.*, 813 N.Y.S.2d 751, 752 (2d Dep't 2006) (holding that "breach of contract cause of action was properly dismissed … since [the respondent] was not a party to the agreement in question"), and *Bellino Schwartz Padob Adver., Inc. v. Solaris Mktg. Group, Inc.*, 635 N.Y.S.2d 587, 588 (1st Dep't 1995) (holding that the lower court properly dismissed the breach of contract action because the defendant "was not a signatory to the agreement").

ego of the signatory; (2) manifests an intent to be bound by the contract; or (3) performs actions showing they are in privity of contract or assumed obligations under the contract. *Id.* at 396-98.

**The Complaint, however, contains no such allegations against Defendants.** The Complaint does not allege, *inter alia*, that Hamilton nor Mantziou were the alter ego of Genius, manifested intent to be bound by the Employment Agreement and assumed obligations owed to Plaintiff pursuant to the Employment Agreement. *See generally* Compl.; *contra MBIA*, 706 F. Supp. 2d at 396-98. That is because there **are no facts** that support Hamilton nor Mantziou being liable to Plaintiff for breach of contract. Plaintiff was plainly employed by Genius and his role, responsibilities and duties were all owed to and for the benefit of Genius—an independent, lawfully formed, publicly-traded company that, at all times relevant hereto, was under the direction and control of a validly-existing board of directors comprised of numerous individuals. *See* Employment Agreement; Compl., ¶ 92 (acknowledging that only Hamilton signed the Employment Agreement, and did so "**in his capacity as CEO of Genius. . . .**") (emphasis added).

Because Plaintiff has failed to allege any facts (nor are there any) that would support his breach of contract claim against Hamilton or Mantziou, Plaintiff's Fourth Claim for Relief should be swiftly dismissed as it pertains to Defendants Hamiltoin and Mantziou. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Stanley Agency v. Behind the Bench*, 2009 N.Y. Misc. LEXIS 833, at *33-38 (Kings Sup. Ct. April 13, 2009) (granting motion to dismiss motion to dismiss against individual defendant who was a board member of the corporate defendant and expressly signed the disputed agreement in such capacity, which demonstrated that the individual defendant "did not did not undertake to bind herself or undertake any personal contractual obligation with regard to the Agreement"); *HDR, Inc. v. Int'l Aircraft Parts*, 257 A.D.2d 603, 604 (2d Dep't 1999) ("Neither of these defendants was a party to

6

the contract alleged to have been breached. As such, they cannot be bound by the contract.");
*Black Car*, 813 N.Y.S.2d at 752; *Bellino Schwartz*, 635 N.Y.S.2d at 588.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court issue an Order:

1. dismissing Plaintiff's Fourth Claim for Relief (Breach of Contract) against Hamilton and Mantziou; and

2. granting such other, further relief as the Court may deem just and proper.

DATED:    February 10, 2026

 /s/ Eric J. Benzenberg
Eric J. Benzenberg, Esq.
Matthew Hettrich, Esq.
THE BASILE LAW FIRM P.C.
390 N. Broadway, Suite 190
Jericho, NY 11753
Tel.:    (516) 455-1500
Email:  eric@thebasilelawfirm.com
            matthew@thebasilelawfirm.com

*Counsel for Roger Hamilton
and Eva Mantziou*

**CERTIFICATE OF COMPLIANCE**

As required by Local Civil Rule 7.1(c) of the United States District Court for the Southern District of New York, the undersigned hereby certifies that the Memorandum of Law filed by Defendants Roger Hamilton and Eva Mantziou in support of their Motion to Dismiss Plaintiff Peter B. Ritz's Fourth Claim For Relief [ECF 42] contains 1,740 words, excluding the contents that are exempt by the rule.

Executed on February 10, 2026

                                                                  */s/ Eric J. Benzenberg*
                                                                    Eric J. Benzenberg, Esq.

                                                                    *Counsel for Roger Hamilton*
                                                                    *and Eva Mantziou*