## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **Peter B. Ritz**, | ) Case No.: 25-cv-08761-JLR |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **Genius Group Limited**, | ) |
| **Roger Hamilton** and | ) |
| **Eva Mantziou**, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| **Genius Group Limited**, | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **Peter B. Ritz**, | ) |
| | ) |
| Counterclaim-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| **Michael Thomas Moe**, | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

**CONFIDENTIALITY STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**

**WHEREAS,** the parties to this action (collectively, the "**Parties**," and individually, a "**Party**") request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case;

**WHEREAS,** the Parties, through counsel, agree to the following terms; and

**WHEREAS,** the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

**IT IS HEREBY ORDERED** that any person subject to this Stipulation and Protective Order ("**Protective Order**") shall adhere to the following terms (including without limitation the Parties to this action, their representatives, agents, experts and consultants, and any other parties who signed the Nondisclosure Agreement attached hereto as Exhibit A):

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "**Confidential Discovery Material**") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may, in good faith, designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual; or

   e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly

marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6.      The disclosure of a document or information without designating it as Confidential shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he or it had previously produced without limitation should be designated as Confidential, she, he or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a.   the Parties to this action, their insurers, and counsel to their insurers;

   b.   counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c.   outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

   d.   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Non-Disclosure Agreement annexed as **Exhibit A** hereto;

e.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the Non-Disclosure Agreement annexed as **Exhibit A** hereto;

g.  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the Non-Disclosure Agreement annexed as **Exhibit A** hereto;

h.  stenographers engaged to transcribe depositions conducted in this action; and

i.  this Court, including any appellate court, and the court reporters and support personnel for the same.

8.  Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f) and 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign the Non-Disclosure Agreement annexed as **Exhibit A** hereto.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.  Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to the Court.

10.  Any Party who requests additional limits on disclosure (such as "Attorneys' Eyes-Only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to the Court.

11.  A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party.  Within two (2) business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court.  If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within fourteen (14) days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) business days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Rules. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

16. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

17. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or

inadvertent disclosure of such material.

18.    Any Personally Identifying Information ("**PII**") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential.  In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("**ESI**") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

20.    This Protective Order shall survive the termination of the litigation.  Upon a party's request, within thirty (30) days after the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

21.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Date:   February 20, 2026
        New York, New York

                        SO ORDERED:

                        _Jennifer Rochon_
                        _____
                        Hon. Jennifer L. Rochon
                        United States District Judge

**6**

SO STIPULATED AND AGREED.


DATED:      February 18, 2026          DATED:      February 18, 2026

 /s/ R. Rene Carson                      /s/ Eric Benzenberg
R. Rene Carson (admitted *pro hac vice*)   Eric Benzenberg
Douglas S. Heffer                        Matthew Hettrich
FOLEY & LARNER LLP                       THE BASILE LAW FIRM P.C.
90 Park Avenue                           390 N. Broadway, Suite 140
New York, NY 10016                       Jericho, NY 11753
Tel.:   (212) 682-7474                   Tel.:   (516) 455-1500
Email: rscher@foley.com                  Email: eric@thebasilelawfirm.com
                                                matthew@thebasilelawfirm.com


*Attorneys for Plaintiff/Counterclaim*    *Attorneys for Defendant / Counterclaim-*
*Defendant Peter B. Ritz &*               *Plaintiff Genius Group Limited & Defendants*
*Third-Party Defendant*                   *Roger Hamilton and*
*Michael Thomas Moe*                      *Eva Mantziou*




~~Date:~~ _____, ~~2026~~
        ~~New York, New York~~


                                         ~~SO ORDERED~~:

                                         _____

                                         ~~Hon. Jennifer L. Rochon~~
                                         ~~United States District Judge~~

**7**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Peter B. Ritz**, | ) Case No.: 25-cv-08761 |
| Plaintiff, | ) |
| v. | ) |
| **Genius Group Limited**, **Roger Hamilton** and **Eva Mantziou**, | ) |
| Defendants. | ) |
| **Genius Group Limited**, | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| **Peter B. Ritz**, | ) |
| Counterclaim-Defendant, | ) |
| and | ) |
| **Michael Thomas Moe**, | ) |
| Third-Party Defendant. | ) |

**NONDISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the

Protective Order in the above-captioned action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential.  I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at the

conclusion of the litigation I will either return all discovery information to the party or attorney

from whom I received it, or upon permission of the producing party, destroy such discovery

information.  By acknowledging these obligations under the Protective Order, I understand that I

am submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that my willful

violation of any term of the Protective Order could subject me to punishment for contempt of

Court.

DATED:  _____


                                            _____
                                            NAME: