

390 North Broadway – Ste. 140 | Jericho, New York 11753
MAIN TELEPHONE: (516) 455-1500 | FACSIMILE: (631) 498-0478

DALLAS | NEW YORK | NAPLES

**April 13, 2026**

**Via PACER**
Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Plaintiff shall respond to this motion by **April 17, 2026**.  Furthermore, the parties shall appear before the Court for a virtual conference on **April 20, 2026** at **1:00 p.m.** to address the issues raised in this letter.  Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 137 014 967#

**SO ORDERED.**

Date:    April 14, 2026
            New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Re:     *Ritz v. Genius Group Ltd., et al.*, No. 25-cv-08761-JLR
          Letter Motion to Compel Plaintiff's Production of Responsive Documents

Dear Judge Rochon:

We represent Defendants Genius Group Limited ("**Genius**"), Roger Hamilton ("**Hamilton**") and Eva Mantziou ("**Mantziou**" and together with Genius and Hamilton, "**Defendants**") in the above-referenced action.  We write pursuant to SDNY Local Civil Rule 37.2 and Rule 2(E) of Your Honor's Individual Rules of Practice in Civil Cases ("**Individual Rules**"), to respectfully request a pre-motion conference regarding Plaintiff Peter Ritz's ("**Plaintiff**") counsel's refusal and/or failure to timely produce documents responsive to Defendants' first requests for production and, thereafter, order Plaintiff to produce the discovery by an immediate date certain to ensure efficient proceedings, specifically as it concerns depositions—which must be completed by May 15, 2026. *See* ECF 44 at § 7(d).  As explained below, as required by Your Honor's Individual Rules, Defendants have made a good-faith attempt to resolve the present disputes, with no success.

On February 13, 2026, Defendants served their initial discovery requests.  *See* **Exhibit 1** (Defendants' First Request for Production to Plaintiff) ("Defendants' RFPs").  Plaintiff served his written responses thereto on March 13, 2026.[1]  Plaintiff, however, did not produce any documents alongside his written responses.

Following a detailed review of Plaintiff's written responses and objections, Defendants' counsel identified numerous deficiencies, which were challenged in a detailed deficiency letter transmitted to Plaintiff on March 20, 2026.  *See* **Exhibit 2** (the "**Deficiency Letter**").  The Deficiency Letter concluded by providing Plaintiff the opportunity to correct the identified deficiencies in order to avoid unnecessary judicial intervention.  *Id.*

---

[1] On February 13th, Defendants also served their First Requests for Admission and First Notice of Deposition to Plaintiff, the latter of which would be conducted remotely on April 14, 2026. Thereafter, on March 17, 2026, Defendants served an Amended Notice of Deposition to Plaintiff, withdrawing their previous deposition notice and rescheduling Plaintiff's deposition to be conducted remotely on April 28, 2026.  *See* **Exhibit 3**.

*Ritz v. Genius Group Ltd., et al.*,
No. 25-cv-08761-JLR
April 13, 2026
Page **2** of **4**

On March 26, 2026, the undersigned followed up with Plaintiff's counsel via email, withdrew one issue raised in the Deficiency Letter, and inquired as to when Plaintiff would respond to the remaining challenges raised in the Deficiency Letter, as well as when Plaintiff would serve all responsive, non-privileged documents.  That same day, counsel for Plaintiff responded that "I'm still trying to get my arms around everything, so I don't know when I'll be able to get you the actual documents" and stated that Plaintiff had "some issues" with Defendants' responses, suggesting that it was "more efficient" to have a call to discuss, requesting the undersigned's availability for the same.  *See* **Exhibit 4** ("**Email Chain**").  That same day, the undersigned responded, providing availability the following week for a call, and asked whether Plaintiff's counsel was similarly available.  *Id.*  Plaintiff's counsel, however, never responded.

On March 30, 2026, having received no response, the undersigned followed up via email, again stating availability to schedule a meet and confer regarding the discovery deficiencies.  In addition, the undersigned provided a hyperlink to a file containing the first tranche of Defendants' production to Plaintiff and 3P Defendant, and again inquired as to when Plaintiff would begin producing responsive documents in light of Plaintiff's upcoming deposition.  *Id.*  That same day, Plaintiff's counsel responded that "I'm endeavoring to get you responsive documents as soon as I can.  The delay is due to the fact that I have not yet had an opportunity to go through everything, **but I hope to be able to get you documents this week, or early next week at the latest**."  *Id.* (emphasis added).

On April 1, 2026, the undersigned responded via email, noting that counsel for Plaintiff was aware at the time of appearance (counting from the date of stipulation to change counsel filed on February 27, 2026 [ECF 49]) that the present action was being litigated and Defendants' initial discovery had been served **approximately 2 weeks** *before* the aforesaid stipulation.  The undersigned further highlighted that the Case Management Plan endorsed by the Court required depositions to be completed in less than 6 weeks, with depositions currently scheduled for the end of April.  Accordingly, Defendants faced imminent prejudice by Plaintiff's latency, as Defendants were being deprived of the opportunity to meaningfully review Plaintiff's document production, raise any necessary challenges to its completeness, and review any necessary supplemental production during this period of time.  The undersigned requested Plaintiff's counsel make themselves available to telephonically meet and confer pursuant to Rule 2.E of Your Honor's Individual Rules.  *Id.*

On April 6, 2026, having received no response to the April 1st email, the undersigned followed up, again requesting Plaintiff's counsel's availability to meet and confer pursuant to Rule 2.E of Your Honor's Individual Rules, noting that it was Plaintiff's counsel's suggestion to schedule a call to discuss the discovery deficiencies, yet no availability was provided, despite numerous attempts.  Finally, the undersigned provided a hyperlink containing Defendants' second tranche document production and cautioned that if Plaintiff's counsel did not respond by 5 pm (EST), that Defendants would proceed with moving the Court to compel production.  *Id.*

That same day, counsel for Plaintiff finally responded, shockingly stating that counsel had other pressing litigation deadlines and that "[g]iven the deadline for completion of discovery in this case

*Ritz v. Genius Group Ltd., et al.,*
No. 25-cv-08761-JLR
April 13, 2026
Page **3** of **4**

is not until June 2, **this is not on the top of my list**.” *Id.* (emphasis added). Notwithstanding the fact that counsel for Plaintiff had previously represented **merely 5 days prior** that she intended to produce documents by “early next week at the latest,” Plaintiff's counsel now represented that “I will give you everything we have agreed to produce as soon as I can, but that day is not today. If you still want to have a phone call for me to say that out loud, I'm happy to do that. I'm available tomorrow after 3. You're certainly welcome to make a motion if you want to, but that will only waste your client's money and the Court's time, because by the time the Court rules, you will have your discovery.” *Id.*

On April 7, 2026, the Parties finally met and conferred via telephone to discuss the discovery disputes. The Parties were unable to reach agreement and the undersigned informed counsel for Plaintiff that if a reasonable production of responsive documents was not received by Friday, April 10, 2026, that Defendants would proceed with filing the instant motion.

**After 8 weeks** from the service of Defendants' RFPs (and 4 weeks since Plaintiff's responses thereto were due), on April 12, 2026, Plaintiff's counsel sent an email to the undersigned containing Plaintiff's initial production of documents. Despite making it clear during the April 7th meet and confer that Defendants would file the instant motion absent a **reasonable, meaningful production** of responsive documents, Plaintiff's initial production was anything but. To wit, Plaintiff's initial 52-page production of documents consisted of 19 separate documents, a majority of which Defendants have already produced in the Action (or already have access to, including a 22-page Genius Investor Presentation slide deck) and approximately ⅓ being duplicate documents.

In light of Plaintiff's woefully deficient and delayed document production to date, Defendants face substantial prejudice in light of rapidly approaching depositions absent judicial intervention to compel production of all responsive, non-privileged documents to Defendants' RFPs. Accordingly, Defendants respectfully request a pre-motion conference regarding the deficiencies identified in Defendants' Deficiency Letter, as well as Plaintiff's failure to produce all responsive documents and, thereafter, an order requiring Plaintiff to produce the discovery by an immediate date certain.

For sake of completeness, Defendants note that they have made 2 separate productions to Plaintiff and, as of the date hereof, Plaintiff has neither noticed any depositions of Defendants nor served any discovery deficiency letter.

\*     \*     \*

The undersigned thanks the Court for its attention to this matter.

*Ritz v. Genius Group Ltd., et al.*,
No. 25-cv-08761-JLR
April 13, 2026
Page **4** of **4**

Respectfully submitted,

 */s/ Eric Benzenberg*
Eric Benzenberg
Matthew Hettrich
The Basile Law Firm P.C.
390 N. Broadway, Suite 140
Jericho, NY 11753
Tel.:   (516) 455-1500
Fax:    (631) 498-0748
Email:  eric@thebasilelawfirm.com
        matthew@thebasilelawfirm.com

Counsel for Defendants
Genius Group Limited,
Roger Hamilton, and
Eva Mantziou

cc: All Counsel of Record (Via ECF)