

THE BASILE LAW FIRM P.C.

| 390 North Broadway – Ste. 140 | Jericho, New York 11753 |
| MAIN TELEPHONE: (516) 455-1500 | FACSIMILE: (631) 498-0478 |
| DALLAS | NEW YORK | NAPLES |

**June 3, 2026**

The parties shall appear before the Court for a virtual conference on **June 12, 2026** at **3:00 p.m.** to address the issues raised in the letter Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 743 669 478#

**<u>Via PACER</u>**
Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Date:    June 4, 2026
         New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Re:    *Ritz v. Genius Group Ltd., et al.*, Case No. 25-cv-08761-JLR
       Letter Motion to Compel Supplemental Deposition of Plaintiff

Dear Judge Rochon:

We represent Defendants Genius Group Limited ("**Genius**"), Roger Hamilton ("**Hamilton**") and Eva Mantziou ("**Mantziou**" and together with Genius and Hamilton, "**Defendants**") in the above-referenced action.  We write pursuant to SDNY Local Civil Rule 37.2 and Rule 2(E) of Your Honor's Individual Rules of Practice in Civil Cases ("**Individual Rules**"), to respectfully request a pre-motion conference regarding Defendants' Motion to Compel Supplemental Deposition of Plaintiff Peter Ritz ("**Plaintiff**").  As explained below, as required by Your Honor's Individual Rules, Defendants have made a good-faith attempt to resolve the present disputes, with no success.

*First,* in his operative, amended pleading (the "**Complaint**"), Plaintiff alleges that he "performed work from an office located at 135 W. 41st Street, Suite 5-104, New York, New York at all times relevant to this Complaint," ECF 54, ¶ 5; *see also id.* at ¶ 83.  Neither party disputes this is a WeWork location.[1]  Significantly, however, is that, in response to Defendants' Rule 45 subpoena, WeWork produced documents[2] demonstrating that Plaintiff **never** worked from this location during "all times relevant" to the Complaint.  Additionally, the aforementioned WeWork production demonstrates, *inter alia*, that Plaintiff was never an authorized person at this location and, moreover, that the tenants were evicted from this location **months before** Plaintiff commenced his employment as Genius' CRO.

*Second,* during his May 12th deposition, Plaintiff claimed that he acquired the information underlying the allegations in his "whistleblower report" from a woman whose name and role he could not remember during a single virtual Zoom conference that occurred during May/June 2024. **Notably, <u>both</u> of Plaintiff's complaints, as well as his initial disclosures, are void of any**

---

[1] *See* WeWork, Locations: 135 W 41st St, *available at* https://www.wework.com/buildings/135-w-41st-st--new-york-city--NY.

[2] Defendants note that the WeWork documents discussed herein were produced to Defendants 6 days **after** Plaintiff's deposition was conducted.

*Ritz v. Genius Group Ltd., et al*,
Case No. 25-cv-08761-JLR
June 3, 2026
Page **2** of **3**

**reference—specific or vague—to this person and, thus, Defendants first-learned of her existence during Plaintiff's deposition.** Remarkably, during this deposition, the **only** thing Plaintiff could remember was that this subject person was a woman who worked from Greece during the relevant time and that she disclosed highly-detailed information concerning Genius' education business sales metrics during a Zoom meeting—detailed figures that Plaintiff testified he **never** reduced to written form. Defendants reviewed their internal records and were able to locate an email invite to a Zoom meeting that discussed, *inter alia*, the information Plaintiff was provided with. In the hopes of amicably resolving this in the least inconvenient manner, on May 18, 2026, Defendants provided the name of the **only woman** that worked from Greece and discussed Genius' sales metrics during the aforesaid Zoom counsel to Plaintiff's counsel in the hopes that it would refresh Plaintiff's memory so he could confirm her identity. Plaintiff has, as of the date hereof, failed to respond to Defendants' simple inquiry.

*Third,* when reviewing the aforementioned WeWork production, Defendants identified an additional email address utilized by Plaintiff. The handful of emails Plaintiff produced were all transmitted through one email address (peter.ritz@fatbrain.ai). Significantly, the WeWork production revealed that Plaintiff owned (and therefore may have used) an additional email address during the relevant period of time (peter.ritz@cloudrlabs.com). As a result, Defendants' counsel contacted Plaintiff's counsel on May 21, 2026, to confirm, *inter alia*, that they were aware of this email account, had conducted a search of its contents for any responsive documents and that no other emails were utilized by Plaintiff during the relevant period. Plaintiff has not provided a substantive response to Defendants' inquiries as of the date hereof.

The fact discovery deadline is **imminent**—June 5, 2026, *see* ECF Nos. 44 and 76—and the foregoing issues[3] are material to the claims and defenses asserted by the parties in this action. They speak to, *inter alia*, Plaintiff's general honesty and truthfulness in these proceedings and the information he relied upon when forming the "reasonable belief" underlying his whistleblower report. Stated differently, Defendants face considerable prejudice if denied the opportunity to appropriately examine these issues, and such prejudice can easily be alleviated by ordering Plaintiff to sit for further deposition on these specific topics. *See, e.g.*, *Berkley Ins. Co. v. Weddle L. PLLC*, 2026 U.S. Dist. LEXIS 14039, at *3-4 (S.D.N.Y. Jan. 22, 2026) (finding "eleventh-hour" document production and party's failure to identify persons "likely to have discoverable information" in initial disclosures were sufficiently prejudicial in that they violated Rule 26, but could be remedied through supplemental deposition).

In light of the foregoing, Defendants respectfully request a pre-motion conference regarding a supplemental deposition of Plaintiff concerning, *inter alia*, the above-mentioned topics.

---

[3] *I.e.*, (1) Plaintiff claiming he worked from 135 W. 41st Street, Suite 5-104, New York, New York "at all times relevant," (2) the identity of the woman who supplied him with the information underlying his whistleblower report and (3) confirmation of all emails utilized by Plaintiff during the relevant period of time (and that such emails were, in fact, search for responsive documents).

*Ritz v. Genius Group Ltd., et al*,
Case No. 25-cv-08761-JLR
June 3, 2026
Page **3** of **3**

Confirmation of Pre-Motion Meet & Confer

Pursuant to Your Honor's Individual Rules, on June 1, 2026, counsel for the parties met and conferred via telephone conference. Plaintiff's counsel explained that she had forwarded Defendants' inquiries concerning Plaintiff's emails and the Genius person who provided him with the information underlying the whistleblower report but, as of the date of such conversation, had not heard back from Plaintiff. Defendants' counsel explained that they would be willing to wait to file the instant letter motion until 6:30 p.m. (EST) on Wednesday, June 3, 2026, in the hopes that Plaintiff would respond.

*            *            *

The undersigned thanks the Court for its attention to this matter.

Respectfully submitted,

 /s/ Eric Benzenberg
Eric Benzenberg
Matthew Hettrich
THE BASILE LAW FIRM P.C.
390 N. Broadway, Suite 140
Jericho, NY 11753
Tel.:    (516) 455-1500
Fax:    (631) 498-0748
Email:  eric@thebasilelawfirm.com
            matthew@thebasilelawfirm.com

*Counsel for Defendants*
*Genius Group Limited,*
*Roger Hamilton, and*
*Eva Mantziou*

cc: All Counsel of Record (Via ECF)