UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER B. RITZ,

Plaintiff,

-against-

GENIUS GROUP LIMITED, ROGER HAMILTON, and EVA MANTZIOU,

Defendants.

GENIUS GROUP LIMITED,

Counterclaim-Plaintiff,

-against-

PETER B. RITZ,

Counterclaim-Defendant,

and

MICHAEL THOMAS MOE,

Third-Party Defendant.

Case No. 1:25-cv-08761 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Before the Court is Counterclaim-Plaintiff Genius Group Limited's ("Genius") motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(f) to strike certain affirmative defenses pleaded by Counterclaim-Defendant Peter B. Ritz ("Ritz") and Third-Party Defendant Michael Thomas Moe ("Moe"). For the reasons set forth below, the Court DENIES Genius's motion.

## BACKGROUND

### I. Factual Background[1]

This action stems from Genius's firing of Ritz. Ritz began working as Genius's Chief Revenue Officer ("CRO") shortly after Genius entered into an Asset Purchase Agreement ("APA") with LZG International Inc. ("LZG"), an artificial intelligence and information technology company, of which Ritz was the prior director and Chief Executive Officer ("CEO"). Dkt. 54 ("Am. Compl.") ¶¶ 18-19. Ritz's hiring as CRO was memorialized in an employment agreement pursuant to the terms of the APA. *Id.* ¶ 23. On April 29, 2024, Ritz and Moe, the Chairman of Genius's Board of Directors (the "Board") and a former LZG executive, entered into a voting agreement (the "Voting Agreement") with Genius. Dkt. 61 ("Moe Answer") ¶ 133; Dkt. 62 ("Ritz Answer") ¶ 133; Dkt. 60 ("Answer, Defenses & Counterclaims") ¶ 133. The Voting Agreement required Ritz and Moe to vote their shares in a specified manner without discretion, abstention, or alternative voting positions. Answer, Defenses & Counterclaims ¶¶ 132-34.

In 2024, Genius began to experience financial distress, which prompted its CEO Roger Hamilton ("Hamilton") to ask executive staff, including Ritz, to forgo up to 50% of their cash compensation, so that it could be invested and subsequently returned to staff, with interest. Am. Compl. ¶¶ 27-30. Ritz alleges that these funds were subsequently used for operational purposes and not invested for the employees' benefit. *Id.* ¶ 32. During his time as Genius's CRO, Ritz discovered that Genius had generated very little revenue despite Hamilton's public representations that Genius was achieving millions in revenue. *Id.* ¶¶ 42-44, 50-51. Ritz

---

[1] The facts are drawn from the pleadings and are taken as true for purposes of this motion. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946, 952 (2d Cir. 2024); *Protex Indus. (H.K.) Ltd. v. Vince Holding Corp.*, 748 F. Supp. 3d 234, 245 (S.D.N.Y. 2024).

informed Hamilton that the guidance Hamilton intended to issue would be false and misleading and would violate U.S. securities laws. *Id.* ¶ 52. Ritz then notified Genius's Board, including Moe, that he believed that Hamilton was engaging in unlawful activity. *Id.* ¶ 54. Thereafter, the Board voted to remove Hamilton as CEO. *Id.* ¶¶ 54-57. Ritz alleges that Hamilton and Eva Mantziou ("Mantziou"), Genius's Head of Human Resources, fired him in retaliation. *Id.* ¶ 59. In its Answer, Defenses & Counterclaims, Genius alleges that Ritz and Moe failed to vote in compliance with the Voting Agreement, causing Genius damages in an amount no less than $1,000,000, Answer, Defenses & Counterclaims ¶¶ 135-36, and that these circumstances, along with the lack of subsequent explanation, led to Ritz's termination, *id.* ¶ 192.

## II. Procedural History

On October 22, 2025, Ritz commenced this action against Genius, Hamilton, and Mantziou, alleging state and federal law claims for wrongful termination. Dkts. 1, 4 ("Compl.").[2] Ritz subsequently amended his complaint on March 3, 2026, removing the federal law claims and proceeding only under state law.[3] *See* Am. Compl. Genius answered on March 18, 2026, and asserted counterclaims against Ritz and Moe for breach of the Voting Agreement and tortious interference with contract. Answer, Defenses & Counterclaims ¶¶ 204-17. On April 7, 2026, in their answers to the counterclaims and third-party claims, Ritz and Moe each asserted twenty-four identical affirmative defenses, as well as a reservation of rights to assert additional defenses. *See* Moe Answer ¶¶ 220-46; Ritz Answer ¶¶ 220-46.

On April 15, 2026, Genius moved to strike the following affirmative defenses: (1) *res judicata* (Second Affirmative Defense), Moe Answer ¶ 223; Ritz Answer ¶ 223; (2) claim

---

[2] Due to a filing error, the Complaint was refiled on October 23, 2025.

[3] Though there are no longer federal causes of action in this case, the Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Am. Compl. ¶ 14.

preclusion (Third Affirmative Defense), Moe Answer ¶ 224; Ritz Answer ¶ 224; (3) excuse of performance (Eighth Affirmative Defense), Moe Answer ¶ 229; Ritz Answer ¶ 229; (4) unclean hands (Eleventh Affirmative Defense), Moe Answer ¶ 232; Ritz Answer ¶ 232; (5) waiver, ratification, and estoppel (Fifteenth Affirmative Defense), Moe Answer ¶ 236; Ritz Answer ¶ 236; (6) inequitable conduct (Twenty-First Affirmative Defense), Moe Answer ¶ 242; Ritz Answer ¶ 242; and (7) reservation of rights ("Reservation of Rights"), Moe Answer ¶ 246; Ritz Answer ¶ 246. *See* Dkt. 66 ("Mot."); Dkt. 67 ("Br."); Dkt. 68 ("Benzenberg Decl."). Ritz and Moe filed their opposition on May 6, 2026, Dkt. 73 ("Opp."), and Genius replied on May 13, 2026, Dkt. 74 ("Reply"). The motion is fully briefed.

## LEGAL STANDARD

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike affirmative defenses under Rule 12(f) are disfavored, and the standard for a plaintiff to prevail is demanding." *Shunock v. Apple, Inc.*, 738 F. Supp. 3d 371, 377 (S.D.N.Y. 2024) (quoting *Federico & Co. v. Zurich Gen. Ins. Malay. Berhad*, No. 23-cv-04411 (AS), 2024 WL 1804655, at *2 (S.D.N.Y. Apr. 25, 2024)); *accord Gansert v. Miello*, No. 18-cv-02710 (PAE), 2019 WL 13414316, at *2 (S.D.N.Y. May 1, 2019). As such, motions to strike are "infrequently granted." *Gruber v. Gilbertson*, No. 16-cv-09727 (WHP), 2019 WL 4458956, at *9 (S.D.N.Y. Sept. 17, 2019) (quoting *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003)). To succeed on a motion to strike, the moving party "must show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the [moving party] would be prejudiced by inclusion of the defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (quoting *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999));

*accord S.E.C. v. Leibowitz*, No. 25-cv-02155 (JLR), 2025 WL 2056026, at *3 (S.D.N.Y. July 23, 2025).

"Absent a showing of prejudice, a motion to strike must be denied." *Hylton v. Hasten Beds, Inc.*, No. 19-cv-00662 (VSB), 2024 WL 1526153, at *3 (S.D.N.Y. Apr. 9, 2024) (alteration adopted) (quoting *Cnty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002)); *see also 360 N. Rodeo Drive LP v. Wells Fargo Bank, Nat'l Ass'n*, No. 22-cv-00767 (ER), 2023 WL 2574180, at *4 (S.D.N.Y. Mar. 20, 2023) (acknowledging that the test for a motion to strike "requires denial of a motion to strike if there is no showing of prejudice"). Prejudice may take the form of increased time, cost, or complexity. *See, e.g.*, *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394 (AJN) (BCM), 2017 WL 9802844, at *6 (S.D.N.Y. Sept. 15, 2017) (recognizing prejudice when affirmative defense would "require the reopening of fact discovery"), *report and recommendation adopted*, Order, *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394 (S.D.N.Y. Mar. 29, 2018), Dkt. 597; *Fed. Deposit Ins. Corp. v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) (granting motion to strike when "extensive pre-trial discovery available to [defendant] in these affirmative defenses could take many months"). However, "[m]ere assertions of prejudice . . . are insufficient" to grant a motion to strike an affirmative defense. *Gilani v. Deloitte LLP*, No. 23-cv-04755 (JMF) (GS), 2024 WL 4635461, at *2 (S.D.N.Y. Oct. 30, 2024) (alteration adopted) (quoting *Hylton*, 2024 WL 1526153, at *3); *accord Keurig Green Mountain, Inc. v. Glob. Barstas U.S., LLC*, No. 18-cv-00095 (LAK), 2018 WL 4926446, at *6 & n.63 (S.D.N.Y. Oct. 10, 2018).

**DISCUSSION**

Genius argues that the Second, Third, Eighth, Eleventh, Fifteenth, and Twenty-First affirmative defenses, as well as the Reservation of Rights raised in Ritz's and Moe's answers

should be struck because the defenses are factually and legally deficient. *See generally* Br. Ritz and Moe respond that (1) Genius does not make the requisite showing of prejudice, Opp. at 3-4; (2) Genius improperly relies on facts beyond the pleadings, *id.* at 4-7; and (3) the challenged affirmative defenses are sufficiently pleaded, *id.* at 8-16. The Court agrees with Ritz and Moe on the issue of prejudice and need not address the parties' other arguments nor the merits of each affirmative defense at this time.

Genius does not demonstrate sufficient prejudice to warrant striking the affirmative defenses. Genius claims that striking the affirmative defenses will "ensure they do not waste any further resources or time" or cause Genius "to suffer prejudice." Br. at 2, 9; *see also* Reply at 2. But, beyond this conclusory statement, Genius does not identify *how* these affirmative defenses would increase the time, cost, and complexity of discovery, increase the complexity of the litigation, or impose additional burdens. Courts regularly deny motions to strike affirmative defenses where, as here, the moving party provides only conclusory statements of prejudice. *See, e.g.*, *Keurig*, 2018 WL 4926446, at *6 & n.63 (finding plaintiff's "assertions of prejudice superficial" because they "are limited to a mention of the word 'prejudice'"); *Bishop v. Toys "R" US-NY, LLC*, No. 04-cv-09403 (PKC), 2009 WL 440434, at *3 (S.D.N.Y. Feb. 19, 2009) (denying motion to strike affirmative defenses in part because "plaintiff has directed the [c]ourt to no prejudice suffered by the assertion of these affirmative defenses in the defendants' answers"), *aff'd sub nom.*, *Bishop v. Toys R Us*, 385 F. App'x 38 (2d Cir. 2010) (summary order); *Lally v. Klick USA, Inc.*, No. 23-cv-10293 (MKV), 2025 WL 3280281, at *4 (S.D.N.Y. Nov. 25, 2025) (denying motion to strike where plaintiff "failed to 'quantify' [their] discovery burden, relying instead upon 'generic speculation about potential additional discovery'" (quoting *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19-cv-09193 (PGG) (SLC), 2021 WL 4173929, at *6 (S.D.N.Y. Sept. 14, 2021)).

Because discovery in this case has ended, retaining these defenses will also not expand its scope. *See* Dkt. 44 ¶ 12; Dkt. 76; *Bishop*, 2009 WL 440434, at *3 (denying motion to strike where "[d]iscovery in this case is closed"); *Am. Home Energy Inc. v. AEC Yield Cap. LLC*, No. 21-cv-01337 (ARR) (RR), 2022 WL 595186, at *18 (E.D.N.Y. Feb. 28, 2022) ("Allowing this defense to remain will cause no prejudice to defendants because it will not expand the scope of discovery or otherwise increase the complexity of the . . . litigation." (alteration adopted) (internal quotations omitted)); *Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, 478 F. Supp. 3d 417, 433 (E.D.N.Y. 2020) (finding no prejudice where plaintiff "ha[s] to engage in discovery and further argument on issues that will be central to proving its claims regardless of whether or not these issues are raised as affirmative defenses"); *see also Rich v. Miller*, 634 F. Supp. 3d 66, 73 (S.D.N.Y. 2022) ("The presence of the defense does not prejudice plaintiff as there would be no change to plaintiff's prosecution of the action depending on whether the defense is listed or not[.]").

Genius's reliance on *Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Education and Industry Fund v. M.C.F. Associates, Inc.*, 530 F. Supp. 3d 460 (S.D.N.Y. 2021) is not persuasive. *See* Reply at 2-3. Unlike here, "the affirmative defense at issue in *M.C.F. Associates* alleged a patchwork of misconduct over a fifty-year timespan, disconnected from the particular dispute between the plaintiff and the defendant." *Lally*, 2025 WL 3280281, at *3 (citing *M.C.F. Associates*, 530 F. Supp. 3d at 466). The affirmative defenses here are not so expansive.

Genius may address the merits of Ritz's and Moe's affirmative defenses on summary judgment, but it does not demonstrate the requisite prejudice to warrant striking them now.

## CONCLUSION

For the foregoing reasons, the motion to strike is DENIED. The Clerk of the Court is respectfully directed to close the motion at Dkt. 66.

Dated: July 17, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge